SMITH, Appellant, *vs.* STEINKAMPER, Respondent.

1. A. sold B. a horse, and received in exchange a yoke of oxen, and was to receive ten dollars besides. A. warranted the horse to be sound, and agreed to take him back if he proved unsound. The horse proving unsound, B. offered to return him and demanded back his oxen.

*Held.*—In an action by A. against B. for the ten dollars, B. may set off and recover the value of the oxen.

*Appeal from the Law Commissioner's Court of St. Louis County.*

The plaintiff sold to the defendant a horse, for the sum of fifty dollars, and received at the time in payment, a yoke of oxen valued at forty dollars, the remaining ten dollars to be paid at a future time. At the time the bargain was made, the plaintiff warranted the horse to be sound and able to work well, and it was especially agreed, that if the horse, upon trial, should not prove to be as represented, the contract was to be rescinded, and the plaintiff should take back the horse and return the oxen to the defendant.

The horse, upon trial, was found to be crippled and wholly unable to work, and the defendant immediately demanded his oxen, and offered to give up the horse. The plaintiff refused to restore the oxen, and brought suit before a justice to recover the ten dollars, the difference between the horse and the oxen, which he was to have received.

The defendant set off the value of the oxen, forty dollars, and fifteen dollars for the value of their services, while in the possession of the plaintiff, before suit was brought. The jury, on the trial before the justice, rendered a verdict in favor of the defendant, for forty dollars, the value of the oxen. The plaintiff appealed to the Law Commissioner's Court, where, upon a trial anew, the judgment of the justice was affirmed. No motion was made before the justice or in the Law Commissioner's Court to strike out the set off.

The cause is brought into this court by the plaintiff, to reverse the judgment of the court below.

*C. C. Simmons*, for respondent.

The set off in this case was properly allowed. There is no attempt made here to set off unliquidated damages, or in fact, damages of any kind. Assuming the facts to be, (as it was contended they were proven,) that the oxen were received by the plaintiff, in payment for a horse sold to the defendant by him, that their value was forty dollars, and that it was an essential ingredient of the contract, that the oxen should be returned if the horse proved to be unsound; that the horse turned out to be, upon immediate trial, unsound and valueless; that as soon as this fact was ascertained, the defendant demanded to have the oxen returned to him and offered to give back the horse; then the defendant holds, that he not only had his cause of action in *indebitatus assumpsit*, to recover of the plaintiff the value of the oxen, but might, when sued, as in this case, for the remainder of the price which he had agreed to pay for the horse, treat the value of the oxen as an indebtedness due him from the plaintiff, growing out of the same transaction, and set it off as a defence against said action, and recover the same.

The instructions given for the defendant were both legal and proper, as the case stood.

RYLAND, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace, by Smith against Steinkamper, for the sum of ten dollars, upon the following case. Smith and Steinkamper made a trade concerning a horse and a yoke of oxen. Smith let Steinkamper have his horse for the steers and for ten dollars—Smith warranted his horse to be sound and to work well; if not, he would take him back and give up the steers.

Steinkamper delivered the steers and took the horse; the ten dollars were not paid down, but were to be paid by Steinkamper. Shortly after the trade, the horse proved to be unsound and not to work well, and died in a month or so. As soon as Steinkamper found the horse to be unsound and not to work well, he offered to return him, and demanded his steers of Smith. Smith refused to give up the steers, and sued Stein-

kamper for the ten dollars. Steinkamper set off the price of the steers, and the value of their labor, between the time of the trade and the suit, amounting to fifty-five dollars. The horse was valued at the time of the trade at fifty dollars, and the steers at forty dollars.

The jury found for the defendant the sum of forty dollars. The plaintiff appealed to the Commissioner's Court, where judgment was again rendered against plaintiff for forty dollars, in favor of defendant, and he appealed to this court.

The record shows, that the plaintiff asked the court to instruct the jury, " that in the present case the defendant cannot set off the value of the steers to the plaintiff's claim, but he must resort to his cross action," and " that the said value could only be pleaded as failure of consideration," both of which the court refused, and the plaintiff excepted.

The instructions given by the court embraced the law of the case. The second instruction informs the jury that if they believe that defendant paid in part for said horse a yoke of oxen, and that the agreement between the parties was, that the oxen should be returned to the defendant, and the horse given up to the plaintiff, if found to be unsound and unable to work well, and that said horse was unsound and unable to work well, when sold, and that the defendant, upon ascertaining the fact, offered to return said horse, and demanded his oxen, the defendant may, in this suit, set off the value of said oxen against the demand in this cause. "

The court also instructed the jury, that " if the horse was warranted sound, and proved unsound, and defendant offered to return him, and plaintiff refused to take him back, then, the plaintiff could not recover his ten dollars," &c.

We consider that the case was put very fairly before the jury by the court ; that the instructions given were correct, and were warranted by the evidence ; and the one refused was properly refused. We are satisfied with the proceedings of the court below. The evidence showed plainly a contract to take back the horse, if he was unsound and would not work well ;

also showed that he was unsound and unable to work well. Now, the whole defence consists in objecting to the defendant's offset, and to the allowance of such offset, instead of driving the defendant to his cross action. We think one suit might well have sufficed to settle this controversy, and that two verdicts might have satisfied this plaintiff.

The judgment is, therefore, affirmed, the other Judges concurring herein.